1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

O

JANNIFER WILLIAMS,                    )
                                      )
                 Plaintiff,           )    NO.  ED CV12-00748-JLQ
                                      )
         vs.                          )
                                      )    ORDER RE: FIRST AMENDED
                                      )    COMPLAINT, PRELIMINARY
U.S. BANK NATIONAL ASSOC.,            )    INJUNCTION, AND TO SHOW
et al.,                               )    CAUSE RE: RULE 4(M)
                                      )
                 Defendants.          )
_____)

11
12
13
14
15
16
17
18

In its Orders of August 31, 2009 (ECF No. 46 & 47), the court directed
Plaintiff to file an Amended Complaint  no later than October 9, 2012.  As of
October 11, 2012, the court's electronic docket sheet did not reflect that an
Amended Complaint had been filed.  Accordingly, Defendants U.S. Bank, Ocwen,
and MERS filed a "Notice of Lodging" (ECF No. 48) notifying the court that the
deadline had been missed and requesting dismissal of the action.  U.S. Bank,
Ocwen, and MERS also requested that the court dissolve the Preliminary Injunction,
which the court had entered pursuant to the stipulation of the parties.

19
20
21
22
23
24
25
26
27
28

On October 11, 2012, the Clerk's office created a docket entry (ECF No. 49)
indicating that the Amended Complaint had been filed, however the document was
not attached.  On October 12, 2012, the Clerk's office sent a Notice (ECF No. 50)
that pursuant to Local Rule 3-2, counsel for Plaintiff was required to submit an
electronic copy of the Amended Complaint via e-mail.  It is unclear whether
Plaintiff has complied with that direction as no electronic copy of the Amended
Complaint is yet attached at ECF No. 49.  The court has obtained a hard copy of the
Amended Complaint from the Clerk's office, which is file-stamped October 9, 2012.
Therefore, the Amended Complaint was timely presented, at least in paper form, to
the Clerk's office for filing.

ORDER – 1

The Amended Complaint which the court received, does not contain a certificate of service.  As the Amended Complaint is "a pleading filed after the original complaint" (Fed.R.Civ.P. 5(a)(1)(B)) it should have been served on the attorneys for the Defendants who have entered an appearance and a certificate of service should have been filed. See Fed.R.Civ.P. 5(b) and 5(d).

The court also observes that the Complaint and Amended Complaint contain claims against Defendant GE Money Bank. GE Money Bank was apparently never served with the original Complaint. See Status Report (ECF No. 43, p. 2)("The Parties agree that the only Defendant remaining to be served is GE Money Bank."). Pursuant to Fed.R.Civ.P. 4(m) a defendant must be served within 120 days of the filing of the complaint.  The Complaint in this action was filed on May 9, 2012, and the 120-day period for completing service expired on September 6, 2012.  There is no evidence of record that GE Money Bank has been served, and no notice of appearance has been filed.  If a party is not served within 120 days, the court may dismiss the action, direct the plaintiff to show cause, or extend the period for service.  Accordingly,

**IT IS HEREBY ORDERED**:

1. If Plaintiff has not done so, Plaintiff **shall immediately serve** the Defendants who have entered an appearance with a copy of the First Amended Complaint.  Plaintiff shall file a certificate of service indicating that the First Amended Complaint has been served by **no later than October 22, 2012.**

2. Per Fed.R.Civ.P. 15(a)(3) a party generally has 14 days after service to respond to an amended pleading.  Defendants shall file their answer or other responsive pleading to the First Amended Complaint by **no later than November 7, 2012**.

3. Plaintiff shall **SHOW CAUSE** why the claims against GE Money Bank should not be dismissed pursuant to Fed.R.Civ.P. 4(m) for failure to complete service of process within 120 days.  Plaintiff can show cause by filing a return of

ORDER – 2

service.  If GE Money Bank has not yet been served, the court will extend the time to complete service to **November 1, 2012.**  Plaintiff shall file proof of service or otherwise show cause why the claims against GE Money Bank should not be dismissed **by no later than November 2, 2012.**

4. Local Rule 3-2 requires a party submitting an amended complaint to present a copy "to the Clerk for filing in paper format," and then to also submit the document electronically in PDF format via "e-mail to the civil intake e-mail box for the appropriate Court Division" by no later than "close of business the following business day."  Thus, Plaintiff's First Amended Complaint should have been so submitted by October 10, 2012.  The Clerk's docket entry (ECF No. 50) of October 12, 2012 indicates the document was not submitted electronically.  Plaintiff shall submit an electronic copy of the First Amended Complaint in compliance with Local Rule 3-2 or otherwise contact the Clerk's office **by no later than October 22, 2012** to correct this omission.

5. Defendants U.S. Bank, Ocwen, and MERS' request for the court to dismiss the action (ECF No. 48) is DENIED.  Plaintiff did submit a First Amended Complaint to the Clerk's office by October 9, 2012, although she may not have fully complied with Local Rule 3-2, or timely **served** the Amended Complaint.  As the Preliminary Injunction was entered pursuant to stipulation of the parties, if Defendants are no longer in agreement that such injunction should remain in place, and good grounds for dissolution at this time exist, they may file an appropriate motion and memorandum seeking that the injunction be dissolved.  The request to dissolve the Preliminary Injunction at this time is Denied.

**IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies to counsel.

DATED this 17th day of October, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 3