

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANNIFER WILLIAMS,                    ) | |
|                           Plaintiff,          ) | NO.  ED CV12-00748-JLQ |
|                                                  ) | |
|         v.                                       ) | |
|                                                  ) | ORDER RE: JURISDICTION AND |
|                                                  ) | FEDERAL CLAIMS |
| U.S. BANK NATIONAL ASSOC.,   ) | |
| et al.,                                          ) | |
|                                                  ) | |
|                           Defendants.       ) | |
| ————————————————) | |

## I. Introduction and Background

At a motion hearing and Scheduling Conference on August 28, 2012, the court considered defense Motions to Dismiss and raised jurisdictional concerns with Plaintiff.  Plaintiff had pled two bases for federal subject matter jurisdiction: 1) diversity of citizenship, and 2) federal question based on the Servicemembers Civil Relief Act claim.  The claim of diversity of citizenship was clearly erroneous as demonstrated by the face of the Complaint.  Plaintiff was a citizen of California, as were three of the nine Defendants.

Thus, the sole basis of jurisdiction in the fifteen count original Complaint (ECF No. 1) was one count alleging violation of the Servicemembers Civil Relief Act.  Plaintiff's original Complaint failed to specifically reference any provision of that Act, 50 U.S.C. App. § 501 *et seq.*, even though that statute was the only validly asserted basis for federal jurisdiction.  The court granted Plaintiff leave to amend, and in its Order (ECF No. 47) directed Plaintiff to address the court's jurisdictional concern and to specifically address some of the arguments made in the defense Motions to Dismiss.

ORDER – 1

Plaintiff filed a First Amended Complaint on October 9, 2012. (ECF No. 49). The First Amended Complaint ("FAC") added two additional federal statutory claims.  Count III asserts violation of the Fair Debt Collection Practices Act ("FDCPA"; 15 U.S.C. § 1692 et seq.).  Count IV alleges violation of the Truth in Lending Act ("TILA"; 15 U.S.C. § 1601). Count V alleges violation of the Servicemembers Civil Relief Act ("SCRA"; 50 U.S.C.App. § 521).  The other twelve causes of action in the FAC are based on California state common or statutory law.

At a December 3, 2012 hearing on all pending motions, the court again raised concerns regarding federal jurisdiction.  Plaintiff has alleged the three above referenced federal claims, and the court unquestionably has jurisdiction to resolve those claims.  However, the court *quaered* and allowed the Plaintiff to submit a supplemental brief because it appeared that the TILA and FDCPA claims were time-barred, and that Plaintiff had failed to state a claim under the SCRA.  If that was the case, then the court would dismiss the three federal claims with prejudice and decline to exercise supplemental jurisdiction over the state law claims.  Plaintiff and Defendants U.S. Bank, Ocwen, and MERS filed supplemental briefs on December 20, 2012.

**II. Discussion**

The court begins its analysis with the newly asserted federal statutory claims. As Defendants contend Plaintiff's new federal claims are time-barred, the court sets forth this timeline of key events:

**January 22, 2007** - Plaintiff, while serving on active duty in the Marine Corps as a career person, obtained two loans totaling $329,999.00 for the purchase of real property from GE Money Bank (FAC ¶ 43-44; Complaint ¶ 16-17);

**January 31, 2007** - Deeds of Trust recorded;

**August 21, 2009** - Plaintiff was allegedly in default, and $11,089.50 in arrears by this date (Complaint ¶ 20);

ORDER – 2

**August 24, 2009** - Defendants U.S. Bank, Saxon, and Old Republic caused a "Notice of Default and Election to Sell under Deed of Trust" to be recorded in Riverside County (FAC ¶ 84);

**January 5, 2010** - non-judicial foreclosure sale of the real property (FAC ¶ 77);

**January 12, 2010** - Trustee Deed Upon Sale  recorded in Riverside County

**February 22, 2010** - Defendants Law Offices, Les Zieve, and Michael Gonzales filed a verified complaint in state court for unlawful detainer (FAC ¶ 105);

**March 2010** - "On or about March 2010, the clerk of the court sent Plaintiff a courtesy copy of the Request to Enter Default in the Unlawful Detainer action which was Plaintiff's first notice that defendants had foreclosed on the subject property." (Complaint ¶ 43);

**March 29, 2010** - U.S. Bank obtained a Judgment for Possession in the state court action;

**July 31, 2011** - Plaintiff was discharged and retired from the military (ECF No. 104, p. 3);

**September 7, 2011** - Plaintiff filed for bankruptcy to avoid eviction;

**February 2, 2012** - Judgment for Unlawful Detainer and Writ of Possession were vacated and set aside in the state court action;

**May 9, 2012 -** this lawsuit was filed without the TILA or FDCPA claims;

**October 9, 2012-** First Amended Complaint was filed where Plaintiff for the first time claimed violation of TILA and FDCPA.

**A.  Fair Debt Collection Practices Act claim**

Plaintiff asserts this claim against seven of the nine Defendants.  Plaintiff alleges that these seven Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and that they "acquired their interest in these transactions after Plaintiff defaulted on the obligations (ie. after the loan had already gone into default)." (FAC, ¶ 159).  She alleges that the Defendants violated the FDCPA during

ORDER – 3

the foreclosure proceedings and when they "attempted to collect rent from plaintiff in the eviction proceeding." (Id.).

The FDCPA contains a one-year statute of limitations: "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  In this case, the foreclosure sale occurred on January 5, 2010.  An unlawful detainer action was filed in February 2010.  Plaintiff has pled that she had notice of this action in March 2010. (See Complaint, ECF No. 1, ¶ 43)("On or about March 2010, the clerk of the court sent Plaintiff a courtesy copy of the Request to Enter Default in the Unlawful Detainer action which was Plaintiff's first notice that defendants had foreclosed on the subject property.").  On March 29, 2010, U.S. Bank obtained a Judgment for Possession. (Complaint, ¶ 45).

This action was filed on May 9, 2012, over two-years after the foreclosure sale and the state court judgment for possession.  Plaintiff's allegations that Defendants violated the FDCPA by their actions taken during the foreclosure proceedings and state court unlawful detainer action are barred by the one-year statute of limitations.  Count III alleging violation of the FDCPA must be dismissed with prejudice.

**B.  Truth in Lending Act Claim**

Plaintiff asserts this claim against three of the nine Defendants: GE Money Bank, US Bank, and MERS.  Although the allegations are somewhat vague, Plaintiff alleges that the real property loans were made without regard to her ability to repay in violation of 15 U.S.C. 1639(h), and that the terms of the loan were different than represented including: "there was a large balloon payment, the amount financed was not accurately stated on the TILA statement, the annual percentage rate was misrepresented." (FAC, ¶169-171).

The TILA contains a one-year statute of limitations. See 15 U.S.C. §

ORDER – 4

1640(e)(providing in part that action must be brought "within one year from the date of the occurrence of the violation").  The Ninth Circuit has stated that the "limitations period beg[ins] to run when the plaintiffs execute[] their loan documents, because they could have discovered the alleged disclosure violations and discrepancies at that time." *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1045 (9th Cir. 2011).

In this case, the loan agreement was entered into and documents executed in January 2007. (FAC, ¶ 43-44).  This action was not filed until over five years later, in May 2012.  It is apparent from the face of the FAC that the claims are time barred. See *Cervantes*, 656 F.3d at 1045 ("The running of the limitations periods of both claims is apparent on the face of the complaint because the plaintiffs obtained their loans in 2006, but commenced the action in 2009.").  Count IV alleging violations under TILA must be dismissed with prejudice.

## C.  Servicemembers Civil Relief Act

The SCRA at Section 526 provides a mechanism for the tolling of statutes of limitation for active military service members:

§ 526(a) **Tolling of statutes of limitation during military service**
The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court....by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

The court observes that the FAC does not plead reliance on this statute.  Nor did Plaintiff rely on this statute in her initial responses to the Motions to Dismiss.  Rather, the court raised the application of this statute at the December 3, 2012 hearing, and Plaintiff addressed it in her supplemental brief.

Plaintiff has allegedly been in the military since 1981.  In the case of such career servicemembers, some courts have recognized that a strict application of the tolling provision could result in absurd results. See *Pannell v. Continental Can*, 554 F.2d 216 (5th Cir. 1977)(holding that provision was "inapplicable to a career service man" who did not demonstrate that his military service handicapped him in timely

ORDER – 5

asserting his claim).  However, it appears that the majority of courts have found the language to be express and unambiguous, and that if the military member is in active service the statute of limitations is tolled, without need for the service member to show that her service prevented the timely filing of suit.  <u>See for example</u> *Ray v. Porter*, 464 F.2d 452 (6th Cir. 1972); *Bickford v. United States*, 656 F.2d 636 (Ct of Claims 1981).

The court will follow the majority approach and find that Section 526 of the SCRA tolled the time in which Plaintiff must pursue her claims until her date of discharge, July 31, 2011.  Thus, the filing of the Complaint on May 9, 2012 was within one-year of date of discharge.  However, the Complaint did not assert any claims under TILA or FDCPA.  The FAC adding those claims was not filed until October 9, 2012, more than one year after Plaintiff's discharge and thus the TILA and FDCPA claims are not saved by the SCRA tolling provision.  However, Plaintiff now argues, in her supplemental brief (ECF No. 104) that the court should find the doctrine of relation back under Fed.R.Civ.P. 15(c) saves her otherwise time-barred claims.

### D.  <u>Relation Back of Amendments</u>

Fed.R.Civ.P. 15 set forth circumstances for when an amendment to a pleading can relate back to the date of the original pleading.  Plaintiff claims that under Fed.R.Civ.P. 15(c)(1)(B) her TILA and FDCPA claims arose of the same conduct, transaction, or occurrence set forth in the original Complaint.  Plaintiff's Complaint (ECF No. 1) was 29-pages long and focused on the alleged wrongful foreclosure and unlawful detainer action, the primary events of which occurred between August 2009 and March 2010, while Plaintiff was allegedly deployed on active military duty.  The FAC (ECF No. 49) is 52-pages long and contains numerous additional factual allegations.

"[R]elation back is improper when the amended claim asserts a new ground for relief supported by facts that differ in both time and type from those the original

pleading set forth." *Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009) <u>citing</u> *Mayle v. Felix*, 545 U.S. 644 (2005). An amendment which "attempts to introduce a new legal theory based on facts different from those underlying the timely claims does not relate back." *Id*. at 674. Part of the analysis of whether a claim will relate back "is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." *Id*. at 675.

The TILA claim pertains to documents and disclosures at the time of the loan origination in 2007. The TILA claim is different in both time and type from the claims set forth in the Complaint and does not relate back. Accordingly, the claim is time barred.

There was no mention of the FDCPA in the Complaint. The allegations supporting the FDCPA claim in the FAC constitute nearly three pages. The time period at issue is after Plaintiff's default in 2009 and during the 2010 unlawful detainer action. Thus, it is a closer question as to whether the FDCPA claim arose out of the same "conduct, transaction, or occurrence" that was set out in the Complaint. In resolving this question, the court finds instructive the case of *Palmer v. Homecomings Financial*, 677 F.Supp.2d 233 (D.D.C. 2010). There plaintiff had asserted a Real Estate Settlement Procedures Act ("RESPA") claim in her Amended Complaint and argued it related back to her original Complaint. The court found the claim did not relate back: "The 'conduct, transaction, or occurrence' language of Rule 15(c) cannot be interpreted so broadly as to apply to all of the parties' actions regarding the financing agreement." *Id*. at 238. The court also found that the original Complaint had not put the defendants on notice of the RESPA claim.

Similarly in the case at bar, the original Complaint contained 15 counts, but not a single mention of the FDCPA. Defendants could not reasonably anticipate that Plaintiff would later allege new facts and legal theories including that they were "debt collectors" under the FDCPA and that their actions in conducting a non-

1   judicial foreclosure and unlawful detainer action implicated the FDCPA.  Thus, the

2   FDCPA claim does not relate back and is time barred.

3          **E.  Does Plaintiff State a Claim Under the SCRA?**

4          At the prior hearing on August 28, 2012, the court shared its concern that the

5   SCRA may not apply to Plaintiff's claim, and that she had pled no provision that

6   was allegedly violated.  Plaintiff alleges that she joined the United States Marines in

7   July 1981. (FAC, ¶ 38).  She entered into the home loan at issue in this case in

8   January 2007 while on active duty.  She allegedly was deployed overseas on active

9   military duty from April 2007 until July 2011. (FAC, ¶ 39).  Defendants foreclosed

10  on Plaintiff's home in January 2010. (FAC ¶ 40).

11         Defendants Ocwen, US Bank, and MERS argue in their Motion to Dismiss

12  (ECF No. 74-1) that Plaintiff fails to state a claim under the SCRA because her loan

13  obligation originated **after** she began her military service.  It is undisputed and clear

14  from the face of the FAC that the loan originated in January 2007, long after her

15  military service began in July 1981.  The SCRA provides at 50 App.U.S.C. § 533:

16         § 533.  Mortgages and Trust Deeds
        (A) Mortgage as security
17          This section **applies only** to an obligation on real or personal property
        owned by a service member that–
18          (1) originated **before** the period of the servicemember's military
        service and for which the servicemember is still obligated; and
19
        (2) is secured by a mortgage, trust deed, or other security in the nature
20      of a mortgage.  (emphasis added).

21

22  It is clear from the plain terms of the statute that it applies only to mortgage loan

23  obligations that originated <u>before</u> military service began.  Plaintiff's loan obligation

24  originated <u>during</u> her military service. <u>See also</u> *Coward v. JP Morgan Chase*, 2012

25  WL 2263359 (E.D. Cal. 2012)("Plaintiff also alleges that she entered into the loan

26  during the period of her husband's military service...However, the SCRA only

27  applies to contracts entered into before military service.") <u>citing</u> *Whigham v. Chase*

28  *Auto Fin.*, 826 F.Supp.2d 914 (E.D. Va. 2011) and 50 U.S.C.App. § 533(a).

ORDER – 8

1    However, at oral argument and in her Supplemental Brief (ECF No. 104),
2    Plaintiff argues that she is entitled, pursuant to SCRA §597a, to pursue a private
3    right of action for a violation of any section of the SCRA, and that Defendants
4    violated § 521 by filing a false affidavit in the state court unlawful detainer action.
5    The difficulty with this argument is that § 597a was not enacted until October 13,
6    2010. See *Gordon v. Pete's Auto Service*, 637 F.3d 454, 457 (4th Cir. 2011). In this
7    action, the foreclosure sale took place on January 5, 2010, and the unlawful detainer
8    action occurred in the months thereafter. It is during February and March of 2010
9    that Defendants allegedly executed the false affidavit(s) as to the Plaintiff's military
10   status. Therefore, Section 597a was not even enacted at the time of the alleged
11   violation of Section 521. The Fourth Circuit, in *Gordon*, found that retroactive
12   application of Section 597a to the facts before it was permissible, but it appears that
13   no other Circuit has addressed the issue. This court will further assess the validity
14   of the SCRA claims as it addresses the five pending Motions to Dismiss.

15   **III. Conclusion**

16        Plaintiff has successfully invoked federal subject matter jurisdiction through
17   the assertion of her TILA, FDCPA, and SCRA claims in the First Amended
18   Complaint. However, Plaintiff's TILA and FDCPA claims are barred by the
19   applicable statutes of limitation. Whether Plaintiff has successfully stated a claim
20   under the SCRA will be further evaluated as the court considers the five pending
21   Motions to Dismiss. Separate Orders shall issue on the Motions to Dismiss: 1)
22   Defendant Old Republic's Motion to Dismiss (ECF No. 68); 2) Motion to Dismiss
23   by Defendants Les Zieve, Law Offices, and Mike Gonzales (ECF No. 73); 3)
24   Motion to Dismiss by Ocwen, US Bank, and MERS (ECF No. 74); 4) Motion to
25   Dismiss by Saxon Mortgage (ECF No. 75); and 5) Motion to Dismiss by GE Money
26   Bank (ECF No. 81).

27        **IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to
28   counsel.

ORDER – 9

DATED this 16th day of January, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 10